Weygandt, C. J.
The facts, in this case are not in dispute.
The examination was scheduled originally by the respondents for October 29, 1951, and the relator was refused admission thereto. In their answer to the relator’s petition the respondents explain their refusal as follows:
“Further answering, respondents say that in September 1951, they scheduled an examination for the position of fire captain in the Cincinnati Fire Department and established as a requirement for eligibility to take such examination that an applicant have at least two years service in the position of fire lieutenant prior to October 29,1951, the date of said examination. Forty-five lieutenants applied to take said examination of which forty-two were accepted. Relator and two other applicants being refused because they had less than two years service as lieutenants.
‘ ‘ The relator herein filed an action prior to October 29, 1951, in the Court of Common Pleas asking a writ of mandamus issue requiring the commission to accept his application for said examination. The Court of Common Pleas found in favor of the commission *48 which judgment was affirmed by the Court of Appeals and a motion to certify was overruled by the Supreme Court.
“During the entire period of this litigation the commission was enjoined from holding the October 29, 1951, examination for the position of fire captain by temporary restraining orders issued in the various courts. Immediately after the Supreme Court dissolved the restraining order granted therein the commission notified the forty-two applicants whose applications had been accepted for the October 29, 1951, examination for fire captain that said examination would be held on May 20,1952.
“Respondents say that they are holding the examination which was originally scheduled for October 29, 1951, on May 20,1952, and that only those persons who were eligible to take the examination on said October date are eligible to take said examination.”
Concededly, the relator was not eligible to take the examination on the original date it was scheduled. Concededly, too, he had become eligible as of May 17, 1952 — the date on which he filed his petition in the instant action.
The respondents contend that the relator’s eligibility must be determined as of the original date for which the examination was scheduled, at which time he had not served as a lieutenant for the minimum of two years.
The relator insists that, having renewed his application since completing two years of service as lieutenant, he has become eligible to take the examination.
It is the contention of the respondents that the examination would have been held on the original date if the relator had not caused a delay by means of his previous action in which he sought to test the validity of the two-year rule; and they urge that the relator is not entitled to the benefit of his additional service ac *49 quired as a lieutenant during the delay he caused, especially in view of the fact that he lost that suit.
It is true that the relator lost his previous suit, inasmuch as the courts refused to hold the two-year rule invalid. However, it is not contended that that action was not instituted in good faith. It was the theory of the relator that the respondents were without authority to promulgate a two-year rule in view of the provision of Section 486-15a, General Code, that such applicants shall have “served at least twelve months in the next lower grade or rank.’?
The Court of Appeals made this pertinent observation:
“It is urged that this result rewards relators for having instituted and prosecuted an unfounded action. We must assume that there was reasonable ground both because three courts granted temporary restraining orders and at least one found that there was reasonable ground for prosecuting an appeal from an adverse judgment. It thus was the action of the courts, rather than the relators’ that prevented the holding of the examination on the appointed day. It is suggested that the examination now conducted must be considered as though it took place on the original date. We know of no rule that authorizes-the application of the nunc pro tunc principle to this situation. This situation does not call for the recording of an action that has taken place at a prior time, now as then.
‘ ‘ Aside from this, however, the fact remains that the relators have complied with all the conditions entitling them to take this promotional examination. Section 486-10, General Code, provides that civil service examinations shall be open to all, subject to certain limitations which the civil service commission is authorized to impose.”
The respondents cite no authority to support their view of this matter. They are under a legal duty to permit the relator to take the examination.
*50 Hence, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Middleton, Matthias, Hart and Zimmerman, JJ., concur.
Taft, J., dissents.
Stewart, J., not participating.